UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>LILLIE M. COLEY,<br><br>                Debtor. | Case No. 25-22211 (JNP)<br><br>Chapter 7 |
| LILLIE M. COLEY,<br><br>                Plaintiff,<br><br>v.<br><br>NATIONAL TITLE AGENCY, et al.,<br><br>                Defendants. | Adv. Pro. No. 25-2500<br><br>Judge: Jerrold N. Poslusny, Jr. |

## MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

This decision relates to three separate motions to dismiss (the "Motions"), filed by Lise Fisher, Esq, Michael Fingerman, Esq. ("Fingerman") and Fisher Family Law (collectively, "Fisher"), Kenneth Winters ("Winters"), and National Title Agency ("NTA", and, together with Fisher and Winters the "Movants"), each of which is a named defendant in the complaint (the "Complaint") filed by Dr. Lillie M. Coley (the "Debtor") pursuant to sections 544, 548, and 550 of Title 11 of the United States Code (the "Bankruptcy Code"). For the following reasons, the Motions will be granted.

Initially, and before considering the Motions, it is important to note that there is a motion to vacate default (the "Motion to Vacate") filed by Fingerman currently pending in this adversary proceeding as well. Dkt. No. 27. The Debtor has opposed the Motion to Vacate. However, as noted above, Fingerman is a party to a timely filed motion to dismiss. Because a timely response to the

1

Complaint was filed, default should not have been entered against him. Dkt. No. 7. Therefore, the entry of default will be vacated by the Court, the motion to vacate is moot, and the Court will consider whether to dismiss the Complaint.

## Background

The Debtor filed a Chapter 7 petition for relief (the "Petition") on November 17, 2025 (the "Petition Date"). Case No. 25-22211 Dkt. No. 1. Prior to the Petition Date, the Debtor was the plaintiff in several different litigations in various other courts (the "Non-bankruptcy Actions"). During those cases the Debtor was sanctioned by several courts and required to pay the defendants' legal fees. Dkt. No. 7. Each of these sanctions was ordered and reduced to judgment by the courts between 2015 and 2022. Dkt. No. 7, Ex. B – I (sealed).

Following the Petition Date, the Debtor filed the Complaint against the Movants and Jardim Meisner ("Meisner", and together with the Movants, the "Defendants"). Dkt. No. 1. The crux of the Complaint is that the Debtor believes the judgments and resulting liens against her former property located at 630 Erial Road, Blackwood, New Jersey (the "Blackwood Property") were void or invalid, and that she believes the Defendants are responsible for the damages caused by those judgments and liens when she sold the Blackwood Property in 2023. Id. The Complaint alleges that "certain individuals and/or their counsel caused false lien or judgment information to be entered into a public lien registry . . . used by escrow and title companies." Id. Specifically the Complaint states that Winters "participated in or directed the preparation or filing of lien related documentation affecting the [Blackwood Property]." Id. Further, that Fisher "had roles in creating or transmitting false or misleading record [sic] regarding the same property." Id. Additionally, it states that NTA "acted as the title or escrow agent that relied on those records to withhold or misdirect funds in connection with the sale . . . of the property." Id. The Complaint also states that the lien information originated from "fraudulent or void court orders" and that "Defendants acted

2

with actual intent to hinder delay or defraud." Id. However, the Complaint states that the Debtor "does not seek turnover or possession, but only a judicial determination that the lien was fraudulent in origin." Id. The Complaint appears to acknowledge that the Debtor no longer owns the Blackwood Property and does not seek recovery of that property, nor any of the money allegedly paid out on account of the judgments, but only a "judicial determination that the lien or encumbrance was fraudulent in origin and of no legal effect." Id.

As noted, each Movant has filed a motion to dismiss, however, all of the Motions make many of the same arguments for dismissal, including that: (1) the Debtor lacks standing to bring the claims asserted in the Complaint; (2) the claims are barred by the Rooker Feldman doctrine; (3) the claims are barred by collateral estoppel, res judicata, and the entire controversy doctrine; (4) the Complaint fails to state a cause of action; (5) the claims are barred by litigation privilege; and (6) that the Complaint improperly seeks an advisory opinion. See Dkt. Nos. 7, 9, 25, 30, 39. The Debtor filed several responses to the Motions, in which she appears to concede a lack of standing, asking that the Court postpone making a decision on this issue until after it has considered the Debtor's motion to convert her main case to a Chapter 13 (the "Motion to Convert") which was heard at the same time as the motions to dismiss filed by Fisher and Winters.[1] Dkt. No. 10. The Debtor also makes several arguments related to jurisdiction, and the validity of the underlying judgments, the applicability of Rooker Feldman doctrine and collateral estoppel, additional allegations of Defendants' conduct, as well as arguments related to the privilege defense raised by the Defendants. See Dkt. Nos. 26, 32, 35, 36, 47, 52.

A hearing was held on February 10, 2026, (the "Hearing"), at which the Debtor, Fisher and Winters appeared and made argument as to Fisher's and Winter's Motions. A second hearing was scheduled for March 10, but the Court determined that a hearing was not necessary because NTA's

---

[1] Contemporaneous to the entry of this Opinion and related order, the Court has entered an opinion and order in the main case denying the Motion to Convert.

3

motion to dismiss and the Debtor's responses argued the same issues as in the other motions to dismiss. See D.N.J. LBR 9013-3(d)(2). After considering all arguments the Court is prepared to rule.

When deciding a motion to dismiss, the court may consider the complaint as well as attached exhibits and matters of public record. In re Kaushas, 616 B.R. 57, 61 (Bankr. M.D. Pa. 2020) (citing Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). Indeed, "even if not attached or incorporated by reference, a document 'upon which [the complaint] solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." In re Tronox Inc., 429 B.R. 73, 97 (Bankr. S.D.N.Y. 2010) (quoting Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)). Here, the Complaint not only references, but specifically addresses several judgments and liens entered against the Debtor and the Blackwood Property, and the entire purpose of the Complaint is, by its own terms, to obtain rulings that would, among other things, void these judgments and liens, or have the Court make determinations whether they were appropriate.

## Discussion

### A.   Standing

Initially the Court considers the Debtor's standing. The filing of a bankruptcy petition creates an estate comprised of all of the property in which a debtor has any legal or equitable interest. 11 U.S.C. § 541. In a Chapter 7 case, a trustee is appointed and granted broad authority under section 704 to administer the bankruptcy estate including being "granted complete authority and discretion with respect to the prosecution and defense of any litigation of the [d]ebtor's estate." In re Truong, 2006 WL 4452984, at *4 (Bankr. D.N.J. May 3, 2006) (quoting 3 Collier On Bankruptcy, ¶ 323.01 at 323–2 (15th ed. rev. 2005)). After the appointment of a trustee, "the debtor no longer has standing to pursue a cause of action which existed at the time the order for relief was

4

entered." Id. (quoting In re Brooks, 227 B.R. 891, 894 (Bankr.W.D.Mo.1998)). "As a general rule, courts have held that 'the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals.'" Id. (quoting In re Richman, 104 F.3d 654, 657 (4th Cir.1997)).

The purpose of the Complaint is for this Court to review judgments and liens entered against the Debtor and the Blackwood Property prior to the Petition Date. Fraudulent transfer claims which allege a transfer of an interest in property that occurred prior to the Petition Date are property of the estate, that the trustee alone has standing to seek to avoid. See Truong, 2006 WL 4452984, at *5; In re Pro Greens, Inc., 297 B.R. 850, 855 (Bankr. M.D. Fla. 2003). As noted, the Debtor appears to concede this point, not attempting to argue that she has standing to bring avoidance actions, instead asking the Court to defer deciding the issue of standing until after her motion to convert is ruled upon. Even assuming that converting the case to a Chapter 13 would result in the Debtor having standing to bring these actions, which is not the case, the Motion to Convert has been denied.

The Debtor makes two additional arguments, that she has standing under section 522(h) of the Bankruptcy Code, and that she should be granted derivative standing. Dkt. No. 26. "Section 522(h) provides that a debtor may avoid a transfer of property under sections 544, 545, 547, 548, and 549 <u>if the transfer is avoidable by the trustee</u> and <u>the trustee does not attempt to avoid the transfer</u>." In re Wright, 2023 WL 3560551, at *3 (Bankr. D.N.J. May 18, 2023) (citing 11 U.S.C. § 522(h)) (emphasis added). However, "section 522(h) limits the chapter 7 . . . debtors to avoiding transfers of property "to the extent" of the debtor's exemption of that property. Id. (citing 11 U.S.C. § 522(h)).

There are several problems with the Debtor's argument. First, the Debtor did not bring this action under 522(h), and the Complaint exclusively seeks relief under sections 544, 548, and 550 of the Bankruptcy Code. See Dkt. No. 1. Even assuming the Complaint had been brought properly,

5

section 522(h) grants standing to avoid transfers only to the extent the transfers were avoidable by the trustee. See 11 U.S.C. § 522(h). However, as is explained further below, these transfers are not avoidable by the Trustee because they are barred by collateral estoppel, they fail to meet the elements of sections 544 and 548, and several other issues exist which bar the claims. Moreover, section 522(h) allows a debtor to avoid transfers only to the extent that the recovered funds could be exempted. The Debtor states she intends to amend her Schedule C exemptions to include these funds as exempt under section 522(d)(5), or that she will exempt it as part of her homestead exemption. Dkt. No. 26. However, this argument fails, first because the Debtor's most recent amendment maxed out her section 522(d)(5) exemption on her property located at 9 Patriot Walk, in Egg Harbor Township, and further, and second because the Blackwood Property is not the Debtor's residence, she cannot claim an exemption under section 522(d)(1). See (Main Case) Dkt. No. 62. In short, the Debtor does not have standing under section 522(h) because the transfers in question are not avoidable, and because the Debtor has no available unused exemptions.

Finally, the Debtor argues that she may be able to obtain derivative standing to pursue these actions. Derivative standing may be available to a debtor if three conditions are met: "(i) the movant has alleged a colorable claim that would benefit the estate; (ii) the trustee has unjustifiably refused to pursue the claim itself; and (iii) the movant has obtained permission from the bankruptcy court to initiate the action on behalf of the estate." In re Demeza, 582 B.R. 868, 876 (Bankr. M.D. Pa. 2018). Derivative standing is not available here because these claims would not benefit the estate because the Debtor seeks recovery for herself; there is no evidence that the Trustee has unjustifiably refused to bring the claim; and finally, the Debtor never sought Court permission.

Therefore, there is no basis to find that the Debtor has standing to bring these actions, and this adversary proceeding is dismissed as to all Defendants.

B.  Rooker Feldman

In addition to the Debtor's lack of standing, the Movants have raised several other bases for dismissal, the Court begins with the Rooker Feldman doctrine.

The Third Circuit has stated that under the Rooker Feldman doctrine federal courts do not have jurisdiction to hear matters that are "essentially appeals from state court judgments." Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014) (quoting Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010)). "The certiorari statute, 28 U.S.C. § 1257, means what it says: an action that is, or is in effect, an appeal of a state-court judgment may not be lodged in any federal court but the Supreme Court." In re Adams, 151 F.4th 144, 152 (3d Cir. 2025). The Rooker Feldman doctrine applies when four requirements are met: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting a federal court to review and reject the state judgments. Great W. Mining, 615 F.3d at 166 (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). In Adams, the Third Circuit determined that in bankruptcy cases there are two additional requirements: (a) the claim is raised as part of an adversary proceeding; and (b) the bankruptcy plaintiff's claim "is not otherwise 'independent' of her state-court claims." Adams, 151 F.4th at 154 (citing Exxon Mobil, 544 U.S. at 293 (quotation omitted)).

In this case, the Debtor brought this adversary proceeding seeking an order that "the liens and sanctions orders, or judgment entries . . . were: never validly created; based on void or jurisdictionally defective state-court orders . . . ." Dkt. No. 1. The Complaint states that she is not seeking recovery of the Blackwood Property, but only a declaration that the liens are invalid. Id. In essence, the Debtor would have this Court rule that the judgments entered against her by the

7

state courts were invalid.[2] See Dkt. No. 1. Those judgments were entered prior to this Adversary Proceeding being filed, and the relief she seeks would require this Court to review and reject the state court decisions that the Debtor's actions were sanctionable. This fits squarely within the Rooker Feldman doctrine, and this Court does not have jurisdiction to grant the Debtor the relief she seeks.

The Debtor's argument that the state courts lacked jurisdiction to enter these orders against her fails for several reasons. First, the issue of whether any of the state courts had jurisdiction to enter the judgment was a matter that needed to be appealed through the state court system, and Rooker Feldman prevents this Court from acting as an appellate court to decide such issues. Even assuming the Court were to consider the merits of her argument, it would be overruled because that argument is premised on a misunderstanding of the law. The Debtor argues that the state courts ruled they did not have subject matter jurisdiction over the underlying causes of action, and therefore did not have jurisdiction to issue sanctions against her. Dkt. No. 26. However, the Supreme Court has ruled that a court may impose sanctions, despite lacking subject matter jurisdiction over a case, because the sanctions do not relate to the issue of jurisdiction or the merits of the case, but to the conduct of the party being sanctioned. Willy v. Coastal Corp., 503 U.S. 131 (1992). As such, the Debtor's jurisdictional arguments fail. The Complaint will also be dismissed as to all Defendants because this Court lacks jurisdiction to consider it under the Rooker Feldman doctrine.

C.    Collateral Estoppel

The Movants also argue that the Debtor's claims are barred by collateral estoppel. The doctrine of issue preclusion, also known as collateral estoppel, ensures that "once an issue is

---

[2] Exhibits attached to the Fisher and NTA motions to dismiss included documents from courts of the State of New Jersey. See Dkt. Nos. 7, 25. The Debtor has not alleged that any of the issues in the Complaint related to litigation in any other courts.

Case 25-02500-JNP   Doc 54   Filed 03/10/26   Entered 03/10/26 14:46:22   Desc Main
Document      Page 9 of 14

actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to a prior action." Tauro v. Pennsylvania Dep't of Pub. Welfare, 206 F. App'x 152, 154 (3d Cir. 2006) (quoting Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., Ltd., 63 F.3d 1227, 1231 (3d Cir.1995)) (quoting Montana v. United States, 440 U.S. 147, 153, (1979)). Under New Jersey and federal law, for issue preclusion to apply: (1) the issue sought to be precluded must be the same as an issue in the prior action; (2) the issue must have been actually litigated in the prior action; (3) the issue must have been determined by a valid final judgment; and (4) determination of the issue must have been essential to the judgment in the prior action. See In re Chatkin, 465 B.R. 54, 64-65 (Bankr. W.D. Pa. 2012) (citing In re Docteroff, 133 F.3d 210, 214 (3d Cir. 1997)); In re Azeglio, 422 B.R. 490, 494 (Bankr. D.N.J. 2010).

The Complaint asks this Court to review and void the judgments of sanctions imposed by state courts. To do this the Court would have to consider whether the Debtor's conduct was sanctionable. This issue was already litigated before the state courts, which courts entered judgments finding that they had both personal and subject matter jurisdiction over the Debtor for the purpose of issuing sanctions, that the Debtor's conduct was sanctionable, and the issue was essential to the final judgments awarding sanctions. Dkt. No. 1. As such, issue preclusion bars relitigating this issue before this Court. For this additional reason, the Complaint must be dismissed as to all Defendants.

### D. Failure to State a Claim

The Movants argue that the Complaint fails to state a claim for several reasons, including: (1) the facts alleged in the Complaint do not support a claim under section 548 of the Bankruptcy Code; (2) the Complaint fails to allege any facts against the Defendants that could establish any liability for a fraudulent transfer; (3) the Debtor failed to name the proper defendants; and (4) the

litigation privilege prevents any of the Defendants from being liable for the alleged conduct. See Dkt. Nos. 7, 9, 25.

In weighing a motion to dismiss, the court must evaluate whether the facts alleged, accepted as true on their face, meet the necessary elements of the law claimed to give standing to the complaint. In re Center City Healthcare, LLC, 641 B.R. 793 (Bankr. D. Del. 2022). If the complaint fails to meet any of the elements, dismissal is appropriate. Id. See also In re Hydrogen, L.L.C., 431 B.R. 337, 349 (Bankr. S.D.N.Y. 2010) (failure to plead a necessary element of a claim results in dismissal of the complaint); In re Carr, 2022 WL 17254632, at *3 (Bankr. E.D. Va. Nov. 28, 2022) (same). Further, the court must "distinguish between factual allegations and legal conclusions in the complaint." Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley, 385 F. App'x. 135, 140 (3d Cir. 2010) (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 233-34 (3d Cir. 2008)). The Supreme Court has further instructed that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).

The Complaint seeks relief under sections 544 and 548 of the Bankruptcy Code. Dkt. No. 1. Section 548 permits a "trustee to avoid a transfer . . . made or incurred on or within 2 years before the [Petition Date] if the debtor . . . (A) [m]ade such transfer . . . with actual intent to hinder, delay or defraud; or (B)(i) received less than reasonably equivalent value and . . . (ii)(I) . . . was insolvent" when the transfer was made or the obligation was incurred, or became insolvent as a result thereof, or that one of the other applicable requirements set forth in § 548(a)(1)(B)(ii)(II) and (III) is satisfied. See In re Adam Aircraft Indus., Inc., 510 B.R. 342, 352 (B.A.P. 10th Cir. 2014), aff'd, 805 F.3d 888 (10th Cir. 2015); 11 U.S.C. § 548. As discussed above, the Debtor is not the trustee and therefore lacks standing to bring this claim. Further, as the Movants note, each of the judgments was entered between 2015 and 2022, more than two years before the Petition Date, and

therefore, cannot be avoided under section 548. As such, the Debtor cannot properly plead a necessary element of a claim under section 548 - that the transfer occurred within two years of the Petition Date. Moreover, the Complaint does not allege sufficient facts to make out any of the other elements of a claim under section 548 of the Bankruptcy Code.[3] There is no allegation that the Debtor made these transfers with intent to hinder delay or defraud, and the Debtor's own filings indicate she was not insolvent or otherwise unable to pay her obligations. The limited factual allegations in the Complaint, discussed above, do not establish facts to make out the elements of a claim under section 548. Therefore, because the Debtor failed to, and cannot plead all necessary elements of a claim under section 548, it is appropriate to dismiss the Complaint with prejudice on these grounds as well.

The allegations in the Complaint, even taken as true, do not indicate any wrongful conduct on the part of the Defendants. Indeed, two of the Defendants, Fingerman and Meisner, are not mentioned at all in the body of the Complaint, there is not a single allegation against these defendants, and therefore, although they did not file anything in this action, it is appropriate to dismiss the Complaint as to Fingerman and Meisner for failure to state a claim upon which relief can be granted.

Moreover, excluding the conclusory allegations made by the Debtor, the factual allegations against the remaining Defendants are limited to accusations that they caused judgments and liens to be entered into a public lien registry, and that NTA relied on that information to pay out sums of money to the lien holders. Dkt. No. 1. These allegations do not establish that any of the Defendants took any improper conduct, and moreover, these actions would be shielded by litigation privilege. See In re Albanes, 560 B.R. 155, 171 (Bankr. D.N.J. 2016), aff'd, 2017 WL

---

[3] The Debtor argues that the issue of fraud was never adjudicated. Dkt. No. 52. However, even assuming the truth of this argument, the allegations asserted in the Complaint do not make out a claim for fraud, and even assuming all allegations in the Complaint are true, the Detor has failed to state a claim.

11

3037384 (D.N.J. July 18, 2017). As such, accepting all factual allegations as true, the Complaint does not establish a claim of any kind under either section 544 or 548 of the Bankruptcy Code

The Debtor makes conclusory statements that the liens were false, and that the Defendants acted with actual intent to hider, delay, or defraud the Debtor, but these are insufficient without any factual allegations to support them. See Iqbal, 556 U.S. at 678. As such, the Complaint fails to make out a claim under sections 544 or 548 of the Bankruptcy Code, because it fails to allege sufficient facts to establish any wrongful conduct taken or injury incurred. Therefore, the Complaint will be dismissed on these grounds as well.

Finally, although the Complaint states that the Debtor is not attempting to recover the Blackwood Property, it also references section 550 of the Bankruptcy Code, the Debtor does, in one of her responses indicate that she seeks turnover of funds. Dkt. No. 26. However, section 550 of the Bankruptcy Code allows a trustee to recover for the benefit of the estate; it does not authorize a debtor to recover individually, so this relief is not available to the Debtor. See 11 U.S.C. § 550; In re Nealy, 623 B.R. 278, 283 (Bankr. D.N.J. 2021). Further, as the Movants point out, at no point does the Complaint allege that any of the Defendants is a transferee, and there is no evidence that any of the Defendants was a transferee of the property. Therefore, the Debtor would not be able to recover from any of these Defendants. On those grounds, the Complaint will be dismissed as well.

### E. Remaining Arguments

The Movants raise numerous other bases for dismissing the Complaint, but it is not necessary to review each of these in detail. One problem is that the Debtor has brought this claim under sections 544, 548, and 550 of the Bankruptcy Code, each section dealing with avoidance and recovery of transfers of the Debtor's property, but the Debtor states plainly that she does not seek to recover anything or any part of the transfers. As such, the Complaint itself is brought on an improper basis, and should be dismissed. The Complaint states that it seeks only a declaratory

judgment that the judgements and liens imposed by the state courts are void. Dkt. No. 1. Beyond the myriad of problems with this Complaint discussed above, none of these sections of the Bankruptcy Code is the proper mechanism for achieving this relief.

Moreover, the Complaint appears to seek an advisory opinion, in that the Debtor is not seeking any recompense or to alter any parties' rights or obligations, but merely to "preserve the accuracy of the record" and "clarify plaintiff's resulting rights." Dkt. No. 1. "To the extent a bankruptcy opinion does 'nothing to resolve whether . . . courts would be required to abide by it, . . . the opinion ha[s] no legal effect' and is merely advisory.'" In re Cubic Energy, Inc., 587 B.R. 849, 855 (Bankr. D. Del. 2018) (quoting In re Lazy Days' RV Ctr. Inc., 724 F.3d 418, 422 (3d Cir. 2013)). Federal courts, including bankruptcy courts, are barred from giving "opinions advising what the law would be upon a hypothetical state of facts." Id. On these grounds dismissal is also appropriate.

Courts have held that dismissal with prejudice is warranted where future amendments would be futile. See In re Fundamental Long Term Care, Inc., 512 B.R. 690, 707 (Bankr. M.D. Fla. 2014), aff'd sub nom. Est. of Jackson v. Schron, 2016 WL 4718145 (M.D. Fla. Sept. 8, 2016), aff'd sub nom. In re Fundamental Long Term Care, Inc., 873 F.3d 1325 (11th Cir. 2017). The Third Circuit has held that when a complaint is subject to dismissal under Rule 12 and the plaintiff moves to amend, "leave to amend generally must be granted unless the amendment would not cure the deficiency." In re Heidt, 626 B.R. 777, 787 (Bankr. D.N.J. 2021) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). "A motion to dismiss may be granted, with prejudice, based upon . . . the futility of amendment." In re Palmiter, 591 B.R. 208, 214 (Bankr. M.D. Pa. 2018) (citing Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004)). Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. See In re Sobol, 545 B.R. 477, 491 (Bankr. M.D. Pa. 2016). An amendment is futile when the proposed pleading would not survive a motion

to dismiss. See Elrod Holdings, 392 B.R. at 113 (citing New York State Ass'n of Career Schools, Inc. v. State Educ. Dep't of State of New York, 142 F.R.D. 403, 405 (S.D.N.Y.1992)). "Because a plaintiff must have standing to pursue a cause of action, it follows that amending a pleading would be futile where the plaintiff lacks standing to assert the proposed cause of action." Id. at 114.

Similarly in this case, the Debtor lacks standing, and the claims in the Complaint are barred by Rooker Feldman and collateral estoppel. Moreover, because the judgments that form the basis for the Debtor's alleged injuries were entered against her more than two-years ago, meaning that the Debtor cannot make out any claim upon which relief can be granted for multiple reasons, dismissal with prejudice is appropriate.

## Conclusion

The Debtor lacks standing to bring the claims in the Complaint, and so dismissal of the Complaint is appropriate. Further, because the Complaint fails to allege sufficient facts to make out a claim against any of the Defendants, and because these claims are barred by Rooker Feldman and Collateral Estoppel, the Complaint will be dismissed with prejudice.

Dated: March 10, 2026

                                                  JERROLD N. POSLUSNY, JR.
                                                  U.S. BANKRUPTCY COURT JUDGE