UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>LILLIE M. COLEY,<br><br>Debtor. | Case No. 25-22211 (JNP)<br><br>Chapter 7 |
| LILLIE M. COLEY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL TITLE AGENCY, et al.,<br><br>Defendants. | Adv. Pro. No. 25-2500<br><br>Judge: Jerrold N. Poslusny, Jr. |

## MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Before the Court is the motion to seal (the "Motion"), filed by Lise Fisher and the Fisher Family Law (the "Movants"). The Movants filed a memorandum of law in support of a motion to dismiss a complaint. Dkt. No. 7. The Movants argue that portions of that memorandum of law should be sealed pursuant to section 107 of Title 11 of the United States Code (the "Bankruptcy Code") because it contains information which had been previously designated as confidential per a sealing order of the Camden County Superior Court, Chancery Division, Family Part. Dkt. No. 8. Lillie M. Coley (the "Debtor") has filed opposition, arguing that the Movants have not met their burden under section 107 of the Bankruptcy Code, and that the Court is not bound by the State Court order sealing the information. Dkt. No. 38.

There is a strong presumption and public policy in favor of public access to court records. In re Borders Grp., Inc., 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011) (citing Nixon v. Warner

Commc'n, Inc., 435 U.S. 589, 597–98, (1978)). This presumption of open access to court records is codified in section 107 of the Bankruptcy Code. Id. (citing 11 U.S.C. § 107(a)). Nevertheless, Congress implemented a statutory exemption to prevent disclosure of certain types of protected information or scandalous or defamatory statements. See id. (citing In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994)). Section 107 displaces the common law right of access in the bankruptcy context. In re Roman Cath. Archbishop of Portland in Oregon, 661 F.3d 417, 430 (9th Cir. 2011). In short, "the sealing of documents in bankruptcy cases is governed not by the common law right of access, but by section 107 of the Bankruptcy Code. In re ESML Holdings Inc, 135 F.4th 80, 88 (3d Cir. 2025). The use of the term "shall" in the statute eliminates the blanacing of public and private interests required by common law rule, rendering the strength of the puclis interest in particular judicial record irrelevant, and meaning that the bankruptcy court lacks discretion to decline to protect the covered information. Id. (citing In re FTX Trading Ltd., 91 F.4th 148, 153 (3d Cir. 2024)). "Thus, if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." Orion Pictures, 21 F.3d at 27 (citing 2 Collier on Bankruptcy ¶ 107.01 at 107–2 (15th ed. 1993)).

As such, the only question is whether the material qualifies as "scandalous or defamatory." In Archbishop of Portland, the Ninth Circuit stated that, because the statute does not define "scandalous," courts should turn to its ordinary, dictionary meaning. 661 F.3d 432 (citing Transwestern Pipeline Co. v. 17.19 Acres of Property Located in Maricopa Cnty., 627 F.3d 1268, 1270 (9th Cir. 2010). The Oxford English Dictionary defines "scandalous" as, among other things, "bringing discredit on one's class or position" or "grossly disgraceful." Id. (quoting Oxford English Dictionary 575 (2d ed. 2001)). The Third Circuit cited this approvingly in noting that the terms in section 107 did not have the same meaning as their common law usage. See ESML, 135

F.4th at 97. Collier cites to a First Circuit decision, in which it stated that to be scandalous or defamatory there must be a showing that it is material that would cause a reasonable person to have a less favorable opinion of the party and that either (1) the material is untrue or (2) the material is potentially untrue and irrelevant or included within a bankruptcy filing for an improper end. 2 Collier on Bankruptcy P 107.03 (16th ed. 2026) (citing Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Glob. Corp.), 422 F.3d 1 (1st Cir. 2005)). In this case, there is a state court order ruling that this material should be sealed due to its scandalous and inflammatory nature. Although this may not binding on this Court, it does lend significant weight to the argument that the material would cause a reasonable person to have a less favorable opinion of the party and that it is potentially untrue, and upon review of the facts and history of this litigation, this Court finds the material qualifies in that it is potentially untrue and irrelevant to the underlying bankruptcy case. Therefore, the Motion will be granted.

Dated: March 10, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE